One and all hope you're well. And at least for this trio, we have just one case. But I understand that my wonderful colleague to my left is going to have many cases today for which he is, of course, looking forward to with excitement. So I leave that for him. And we we have the Genzack case or Sovereign Bank or Remi, depending on what your point of view is. So, counsel. Good morning, Your Honors, and may it please the court. My name is Howard Bashman and I represent the appellant Genzack Partners. With the court's permission, I'd like to reserve three minutes for rebuttal. Yes, sir. Go ahead. The district court entered a consent judgment in favor of Sovereign Bank and against Eric Kaiser on a guarantee that clearly, unambiguously, and unequivocally provided that any judgment entered on that guarantee would accrue post judgment interest at the contractually specified rate of the prime rate plus six percent. Well, let me ask you this question. Based on the settlement agreement transcript and the consent judgment, I presume those two purport to be the entire agreement with regard to the settlement of the dispute between the parties. Is that so? Right. That is the full record in that regard, Your Honor. Yes. So what terms are included other than the fixed sum for the resolution and of the underlying breach claims? There's nothing, right? Neither the reading into the record of the agreement or the consent judgment itself contains any discussion of post judgment interest whatsoever. However, it's our position that it was incumbent upon Defendant Kaiser, who was aware that he had entered into this contract, that if he wanted it not to take effect upon entry of a judgment on the guarantee, that he should have been the one to broach the subject of whether or not a different interest rate should apply. So what about the merger rule? We have this notion that judgments merge, right? And so if there's a settlement for a certain amount, isn't the thinking that every single outstanding claim or dispute is going to merge into that judgment? Well, the merger rule does apply to both settlements and litigated judgments. And as we've reviewed in our brief with regard to litigated judgments, it's clear that where you have a contractual agreement that meets the test that this one does, meaning clear, unambiguous, and unequivocal in providing a post judgment interest rate, that that post judgment interest rate will apply to the litigated judgment even if on the face of the judgment it's silent as to that. We are unaware, and I don't believe Kaiser has cited any authority for the proposition that where a case settles, somehow the merger doctrine applies more broadly in that circumstance. And again, there's no dispute here that the consent judgment was entered on the guarantee. I believe the argument that the settlement should have expressly addressed the interest question is an argument that could be made against either side. Because, as I said earlier... Well, if that's so, then why don't you go to the interest rate that's not in the surety agreement? So you're referring to what I think we can call the statutory interest rate that applies in the absence of a contractually specified interest rate? Because here's the problem that I have. The surety ship agreement, long agreement, many clauses, many requirements and responsibilities, you want us to go back and look at that agreement and take this one clause out of it when, as a result of the settlement agreement, there are many issues that you all haven't resolved. You haven't resolved, you know, when payments could be made. You haven't resolved how payments could be made and all of these other issues. So why should we go to the surety ship agreement and take that one out? Well, certainly the other side is arguing that where there is a consent judgment, that unless the face of the consent judgment specifies some specific interest rate, then the statutory rate should apply. It's our position, however, that the case law that says that where you have a litigated judgment that contains no interest rate, if the contract on which the litigated judgment was entered is clear, unambiguous and unequivocal in providing for a contractual interest rate, that that contractual interest rate will apply. And this Court's decision in Eves v. Kate May makes clear that for a judgment to be effective, all that it has to do is identify to whom and from whom the amount of money that's being entered is owed and the amount of money that is being awarded. So this Court's precedent does not require a judgment to contain an interest rate. And we believe that the silence here is not something that can be held against either side. In fact, as I said earlier, it would have been incumbent upon Kaiser, knowing that a consent judgment was about to be entered on the guarantee, and knowing that the guarantee said when a judgment is entered on this guarantee, it will accrue interest at the specified rate, to have broached the subject if he wanted to change his agreement. Is it incumbent on Kaiser and not an equal burden on each party? Well, we certainly raised it when it was an issue in front of the District Court when Kaiser came in to say that the judgment should be marked satisfied based upon the statutory interest rate applying. We're not familiar here with any case law that says that there's some deadline by which this issue needs to be put to bed. So one analog I've been thinking of is attorney's fees. Sometimes contracts have an attorney's fees provision that say if we litigate this, then the losing party will bear attorney's fees and be responsible for the other side's attorney's fees. And so what's interesting, though, is attorney's fees usually require judgment by a court to resolve. And so if there was an attorney, and there's, I think, a rule that says in the absence of another rule, you have 14 days to bring your attorney's fees motion. I'm doing this from memory, so I don't know. Approximate. But what if this wasn't post-judgment interest but attorney's fees, and then you consented to a judgment, and then you later said, now we want our fees? I agree with that question. Yeah. And here's what I think the answer is. So there's a difference, of course, in the law between statutory and contractual attorney's fees. I understand your honors question to refer to contractual attorney's fees. I think that's most analogous to what we've got here. Right. And I agree that in that situation it's necessary to seek that as part of the action. But the cases that we're asking this court to follow, this court has never addressed the question even of whether parties can contractually agree around the statutory interest rate in Section 1961. But if you agree with us that the cases from the other circuits should be followed, we believe that interest is in a different category as those cases establish from the question of attorney's fees, and that contractual interest does not have to be pleaded and proved as part of the case. Because if it did, then in those cases from the other circuits, where a party came back after there was a judgment entered without a specified interest rate in it. And attorney's fees don't typically have to be pleaded and proved. Maybe you have to say in your prayer for relief that you'd like attorney's fees. But they aren't part of anyone's, typically, they aren't part of anyone's case in chief. You don't send those to a jury to look at billable hours and stuff like that and have juries do lodestar calculations. I don't know if that never happens. I agree with you that it typically may not happen. But, again, I think that that is in a separate category from post-judgment interest. No one disputes here, even though the judgment is silent as to post-judgment interest altogether, that some amount of post-judgment interest does apply here. And so the question boils down to, is it the statutory rate or is it the contractual rate? And, again, I don't see the other side as disagreeing with the fact that the contract here satisfies the requirements of clarity, the necessary clarity, has the necessary clarity. And I do appreciate the arguments that... The issue is whether the resolution of the dispute is written in clear terms, right? So the question is, is there an agreement that in this circumstance, settlement, that you'd go back and look at that and is that in clear and unequivocal terms? Because here's the problem that I'm having. And let me give you a hypothetical, and maybe you can help me through the problem. Let's say two parties, like here, enter into three consecutive contracts, right? In year one, they enter into an agreement and it says that interest accrues at the prime rate. In year two, there's a successor agreement, right? And that says that interest accrues at prime plus two. In year three, another successor agreement is entered into and it says nothing on the topic of post-judgment interest. Now, one party wins summary judgment in a breach of contract claim. So my question to you is, that hypothetical, what would be the interest that would be applicable? So if I understand the question correctly to suggest that there's successor agreements, meaning that the earlier agreements were overridden and replaced entirely, then... Well, that's the question, right? Because the settlement agreement, the argument is, is overrides the prior agreement, right? Well, here, and I'm sure your honor understands this, and here there's no contention that either this very brief settlement that was read into the record as representing a total amount due minus some amount plus attorney's fees, contained any mention of interest whatsoever. And the consent judgment does not contain any mention of interest whatsoever. So the question is, should there be some implication from that, that those are the only terms that apply and that everything in these contracts otherwise has been superseded? So it just comes down to integration. This is basically just integration. In Judge Greenaway's hypothetical, what I understand he's saying is, if that final agreement had an integration clause and said, this is the only agreement, it supersedes all prior agreements, then you would say, oh, there's no interest rate. If it was not integrated, and it said, hey, look, this is just building upon other things that we've agreed to, this is a mod or whatever you want to call it, then you would say, maybe I get prime plus two in his hypothetical. And so the real question for you, and it seems that you prevail, if you can say that this agreement, this consent judgment, was not fully integrated, in the sense that it did account for prior agreements. And your friend, your adversary maybe, says, wins if he says no. Everything merges into a judgment, and once we have a judgment, it's integrated. Right. And the law seems to be that where you have a litigated judgment that's silent as to interest, that the merger doctrine does not preclude applying the contractually agreed upon rate. And our submission to this court is that where you have a consent judgment, that the law should be the same. You shouldn't apply the merger doctrine more broadly to a consent judgment than to a litigated judgment. But a litigated judgment doesn't have an intervening settlement agreement, right? Well, I know Your Honor served as a district judge for many years, and you're familiar with the fact that even in litigated cases, it's not unusual for the parties to present to the court what judgment they want to have entered based upon the decisions of the court or the jury verdict. So even in a litigated case, it's possible that the parties play a role in determining what the judgment ends up saying. And in this case, it's agreed that the parties did not have any understanding as to what the, any shared understanding as to what the rate of interest that this consent judgment would accrue. If I go back to Judge Phipps's point about integration, I'm not sure that it mattered whether the parties integrated the consent judgment because I think we treat consent judgments using a four corners rule as if they were integrated. And we don't look outside of the consent judgment unless there's an ambiguity. And I don't see an ambiguity here. So I think you're entitled contractually to get a, you know, to name your own interest rate. I don't think you're foreclosed from pursuing it. But I don't see a way to amend the judgment in this case to get the new interest rate into this unambiguous consent judgment. What would be your mechanism for doing that, Rule 54, 59, 60, something else? Well, just to be clear, we're not seeking to have anything changed in the text of the judgment. I'm suggesting you might need to. Well, I think under the Eves case, all the judgment has to say is who owes what to who and what the amount is. And so if this Court were to rule that where you have a consent judgment, it will be understood unless the consent judgment provides to the contrary that the statutory rate of interest applies, then certainly that would give guidance into the future. But I think, going back to my earlier point, that that would have the effect of applying the merger doctrine more broadly to a consent judgment than to a litigated judgment. But under Judge Porter's hypothetical, if we just are limited to the four corners of the consent judgment, you can't prevail, right? If it's impossible to look to the contract, then I think that we agree that there's nothing in the consent judgment that includes the statutory rate. And that's why there is a statutory default rate, because sometimes people don't do that and we have the four corners plus the statutory default rate. You might have a separate action, but I don't know how you do it in this case. But doesn't the same four corners rule apply in the case of a litigated judgment, I would suggest? And in that instance, the case law does allow the Court to look to the underlying contract. So I think that we would urge the Court to not view itself as bound by silence on an issue when you have a contract that satisfies the clarity requirements that the law requires. Yeah. In a litigated judgment, you'd have the settlement agreement, which has that clause, right? You'd have an integration clause. I'm sorry? Well, in a settlement agreement, I mean, generally in a settlement agreement where you actually submit an agreement, right? I mean, you generally have that. Right, which is not here. And the judgment does not contain that either. It seems the absence of the integration clause works in your favor. I agree. And so consent judgments are a proxy. They're very much governed by principles of contracts. Integration is a contract principle. This was not an integrated contract to the extent it is a contract, and therefore, maybe it is. The integration clauses are only heavy evidence of full integration. Right. The parties could have proposed whatever language that the judge found acceptable, including something along those lines. They could have specified the statutory rate of interest in the consent judgment if they had agreed upon that, which we, of course, dispute that there was any agreement along those lines. Kaiser could have even sought – the defendants could have even sought a provision that said that this judgment will accrue no interest whatsoever, not that my client's predecessor would have agreed to that. But, again, this is all – a consent judgment can only be entered upon the agreement of the parties, and it should not be understood more broadly than what the parties have agreed to we submit. And I see the red light is on. I'm happy to answer whatever questions you have, but I also can come back. Thank you. Thank you. May it please the Court, Steve Klein, Sils, Cummins & Gross, on behalf of Appellee Eric Kaiser. I first want to thank the Court for its adjournment of the last proceeding, given my colleagues' unfortunate and unexpected illness, and we appreciate that very much. To start with, I want to address the notion that in a litigated judgment, a judgment doesn't need to have particular rates or particular terms. You can just look simply back at the contracts. That is not the case in every one of the circuit court cases that's been cited by the parties. There is a clear procedure set forth in these cases, and I'll go through a couple of them because they come up in a variety of different procedural contexts, including some of the rules you've mentioned. But every time that it's been considered, the person immediately moved the district court to either include within the terms of the judgment the interest rate from the contracts or another term from the contracts, or they availed themselves of one of the procedural alternatives to amend a judgment. And the procedure is this. It's fairly clear from the cases. Number one, if you want terms to apply after a judgment is entered, you need to clearly and unequivocally state so in the contract with your opposing party. Second, you need to prevail on the merits of that claim. You need to get a judgment on the contract that contains the term triggering the language that says this applies post-judgment. And third, when you win, you go before the judge, and you need to say, Judge, I avail myself of my remedy. The exception to the merger rule applies, and the judgment ought to have this term from the underlying contracts in it. So in this instance, based on the three points you've just made, after the entry of a consent judgment, you'd argue nothing from the surety ship agreement survives. Correct. It could, but then how would it? How would it? Yeah. So under Rule 54, 54C, as Your Honor noted a little bit earlier, typically at the end of a case, you get a judgment that's entered, and there's an opportunity, for instance, under Rule 54, to move for attorney's fees, to move for costs. And Rule 54 is clear. It talks about demand for judgment, relief to be granted. It talks about a default judgment. And the last sentence of Rule 54C is, quote, every other final judgment should grant the relief to which the party is entitled, even if the party has not demanded the relief in the pleading. So what Rule 54 says is when you're entering a judgment, come get all the relief you want, including attorney's fees, including costs, and you're failed to do so at that time, ends up with a judgment that's entered that doesn't contain any terms. And that's exactly what happened in three of the cases that are cited by the parties, which said that, you know, there's an entry of a judgment. The judgment is silent. The default rate applies because it's silent as to everything else. And a couple of cases talk about the statutory interest rate, 28 U.S.C. 1961, as being the default or being the uniform rate. A tricon from the Fifth Circuit is one that talks about it being a default. But taking a look at the time of entry of the judgment, there's a couple of cases. So the Seventh Circuit in Bomar, this was an employee pension action where the district court granted summary judgment of liability and held there was a liquidated damages provision and held that they needed to pay these, that the employer needed to make payments into the employee trust for pension purposes. And at the time of the judgment, the plaintiff had sought summary judgment on the contract and included within the terms of the judgment prime plus two. And that's what the district court adopted as its final judgment. It expressly set it out there. The Tenth Circuit in Lloyds, this was registration of a foreign judgment entered in England. It's not exactly clear in the circuit court opinion, but when you go to the district court opinion, it talks about how the prevailing party, Lloyds, had actually submitted when it registered the judgment, final judgment and set forth the interest rate, 8%. Now the court disregarded that interest rate, but at that time what the court was faced with was an order, a final judgment that set forth the interest rate expressly. Tricon is another one. This is confirmation of an arbitration award. What happened is both parties submitted after the judge indicated, the trial judge indicated that he wasn't going to vacate the award, both parties submitted upon the solicitation of the court proposed final judgments. One said it's the post-judgment interest rate from the contracts and the other one said it's the statutory rate. And when the judge entered the final judgment, it set forth expressly. Now there are times where final judgments enter. There's a trial and the judge enters the judgment and it's not in there. And of course you have your time, your opportunity, to make a motion for certain terms like attorney's fees. But in the Second Circuit in the FCS case, after summary judgment was granted, the day after, the plaintiff who won files a Rule 59 motion within 28 days and says, Judge, your judgment doesn't include post-judgment interest at the contract rate. We think you ought to put it in there. Which rule could your friend invoke seven years after the judgment? Seven years after the judgment, he'd be pretty limited, and I think it would be a 60 v. 6 motion, the catch-all, which is a very, very constrained, I have the standard, it's a very constrained circumstances under which you will get relief. Relief is appropriate only in extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur. And that's green, 882, F3rd, 443 at 449, footnote 7, where they talk about when you don't fall within the first five, the first three have to be brought within one year, within a reasonable time no later than one year, and the remaining can be brought at any time. Generally, if you don't fall, only if you don't fall within the first five rules for a rule 60 v. motion, can you avail yourself of the catch-all, rule 60 v. 6. The catch-all is just, I mean, because of the breadth of five, five basically says on rule 60 that the judgment has been satisfied, release, discharge is based on earlier judgment, it's been reversed or vacated, or applying it prospectively is no longer equitable. I mean, five kind of covers the waterfront, leaving almost no room for six. There may be a way to move that it's no longer equitable under the circumstances. Of course, we'd make an argument that there would be substantial hardship and it wouldn't be appropriate for the first time, eight years after the judgment, to advise us that you had this other interest rate in play. So Mr. Genzack says, we don't need any of these rules. We have a judgment. The interest rate follows that judgment. Game over. That's what Mr. Genzack says, and the difficulty is all the circuit cases that have addressed this go through the detailed procedural avenues, including rule 54, including rule 59, including rule 60 v. And the notion that Genzack asserts is, well, none of that's really necessary, because it's implicit. I got a judgment from 10 years ago, and implicit in that is the underlying contract rate, and I don't need to set forth any of that material. The problem is the merger rule, the exception to the merger rule, isn't automatic. You have to, like so many rights available to parties in court, you have to avail yourself of it, and if you fail to avail yourself of it, there are consequences for that, and that's exactly what the district court found. But, I mean, here's the thing. From what I can tell about consent judgments, they're basically contracts that are ratified by courts, and if this were just a contract, right, without the ratification by court, I think that your friend would have a pretty good argument that it wasn't integrated. If this were simply a contract. A contract. Agreed. And so now we've got this tension where we're told all the case law tells us that consent judgments are basically contracts that courts approve, and so the more that we view this as a contract without an integration clause, the more that favors the other side. The more we view this as a judgment that's bound by a strict merger rule and the rules of procedure that there are for amending or changing or getting relief from a judgment, the more that favors you, I think. And so the funny thing to me is the difference between litigated judgments and consent judgments seems to cut against you in this case because consent judgments parties are more likely to write an integration clause or not. And so to the extent that a consent judgment is more like a contract than a litigated judgment is, the absence of an integration clause in a consent judgment suggests more that that judgment is not fully integrated. We disagree because it was entered as a consent judgment. If this was just purely a contract, then there may be an argument that it wasn't fully integrated. But a case was brought in federal district court. It was litigated on the eve of summary judgment. Judge Sheridan, who also ruled on this motion, had the parties in for a settlement conference. They worked through the morning, and by afternoon, Judge Sheridan called them in and said, set forth the settlement. Is that all the terms? He specifically says, does this end the case? And then he says, I'm going to prepare it. And this is at page 403 of the appendix. He brings the parties in, asks, is there a settlement? What are we doing? Are we entering a consent judgment? The parties agree. I guess that's correct. Then they go through how they're calculating it. Then the court asks, will this end the case, correct? And the parties answer, yes, this will end the case. And so what you have, and he finalizes it by saying, all right, let me type something up. You guys can take a look at the terms. He has the parties recite the terms in court. I'll write it up. Take a look at the terms. If you have any changes, let me know. And what happens? He issues the consent judgment based on the terms of the settlement, and the parties sign each of them right there in the courtroom after the judges printed it out for them. And then it's entered as a judgment. So it's not simply a contract. It's a judgment that's been entered by the court that has all the remedies that are appropriate for enforcing judgments. Do we need to call it a contract in order for the Four Corners Rule to apply to this consent judgment? No, because judgments under Rule 54, under the merger doctrine, you look only at the text of the judgment and the default rules. So it's very similar with a contract, the Four Corners Rule. When you've got a judgment, you're only looking at the text of the judgment because 10 years go by or whatever else happens in the world, people who are trading in judgments, courts who are litigating judgments and enforcement matters shouldn't have to go back to the original proceedings and sift through the record. You should be able to rely on what's set forth in a judgment plainly and what the parties have included in that judgment. And so our position is that the Four Corners Doctrine applies to litigated, merged judgments just as the Four Corners Doctrine would apply to a contract. Well, in this instance, what you've just read from Judge Sheridan, doesn't that essentially act as an integration clause? Because he asked the parties, is this everything? And the parties said, this is everything and this is what we're signing. Yes, and that is very similar to what happened in Goode, where the parties, on the eve of trial, the judge brought him in, Goode is a Third Circuit case, and the judge settled the case, and the settlement was recorded by, there was a settlement offer made, it was accepted, and yet the party then tries to back out of the settlement. And a trial goes forward and there's a judgment that's way in excess of the settlement, but the judge sets aside the settlement, and it's a firm Third Circuit, because the judge says, look, even an oral settlement, once it's in court, once you've litigated, once an authorized representative of the party enters the judgment, the only thing that's left to sue upon is not the underlying contracts, it's the judgment itself. You can't go back and try to assert the underlying terms of the contract. So let's just say after this, let's just say that one of the underlying terms of the contract was for the payment of fees, right, attorney's fees. After this consent judgment was entered, right, and the trick with fees is attorneys accrue them, even for this hearing, right? So they want to be reimbursed, they get fees on fees, perpetual fees on fees, right? And so the thought would be, surely under Rule 54, this deal could have included, if the underlying contract said fees, would this agreement have to say and fees later to be determined? Or could it be silent as to fees, recognizing that that 14-day period that you would have would be the time to litigate fees? I would say that there would be a 14-day period of time in order to assert your fees. However, at the end of the day, when there's a final judgment and all is said and done, so if you make an application there's still something before the court, when it's all said and done and you have a final appealable order, at that time it has to set forth all the relief that's been requested under Rule 54. So, I mean, but that seems to suggest then that the Four Corners Rule can't be hyper-rigid because it can't account for fees. Well, under Rule 54, it can't be hyper-rigid for costs or attorney's fees. But what about interest rates? And I agree with you, Your Honor, and the other issue with Rule 54 is when you have a judgment, it's the Four Corners that apply, but it's also the default rules. So there's all sorts of ways to enforce a judgment, there's terms that apply, and in order to figure out what those terms are, you have to look to the default rules, like the default interest rate, 1961, and like the default interest rate for costs and services. So that seems to suggest that the Four Corners Rule does not apply for interest because if interest is not specified, you have to go someplace extrinsic to the consent judgment. You say go to 1961. Your friend says go to our contract. But either way, you're going extrinsic. I don't think so, Your Honor, because I think the way it's interpreted in terms of the merger doctrine and Four Corners doctrine for contracts but the merger doctrine for judgments is that when you have a judgment, what applies is on the text of the judgment per Rule 54 and the default rules. And so it's not really looking extrinsic because these are the rules that govern judgments, the enforceability of judgments, ways of attaching or garnishing wages, and there are other terms that are specific to judgments that don't really apply to contracts, but all those default rules apply to every judgment that's entered unless there's something in the judgment that says this doesn't apply. And I just wanted to touch on one other issue, which is a couple of times it was referenced that there was no dispute that this judgment, consent judgment, was entered on a guarantee. And that's not quite right. That's not right. What this judgment was entered on was a settlement agreement. The underlying contracts, there were four of them. The guarantee was only one. And the four different contracts that were specified, two of them had different post-judgment interest rates. No, two of them had two interest rates that weren't applied post-judgment, and two of them, the guarantee and the mortgage note, those had the interest of 6% plus prime. So the notion that this was entered pursuant to the guarantee, as the terms of the guarantee require, is not correct. This was entered as recited in the consent judgment. The parties have amicably resolved this case. And I just want to look briefly at the ‑‑ sorry. I see I'm out of time. Go ahead. Okay. I just want to quote the provision of the guarantee that's relevant on Appendix 93, which says that any judgment entered against surety pursuant to this agreement shall bear interest until paid at the prime rate plus 6. Are you reading C? I am reading C, the last provision there. You're saying it wasn't entered even in part on the guarantee. No, this was entered as a compromise where they discounted a million dollars off the judgment pursuant to a settlement agreement. And even the underlying case was litigated based on four different contracts, each with different provisions. And so to say that this was entered pursuant to the terms of the surety agreement as a judgment entered against surety pursuant to this agreement, when it doesn't even say so on the judgment, is incorrect. Thank you. If you have any questions, I'm happy to answer. Just wait one second. Sure. What was the page you were reading from? That was 93. It was 93. Okay. It was the suretyship agreement, subsection C. Thank you. You all spent a lot of time in the papers on Westinghouse. Yes. Obviously, you've discussed a lot of cases this morning. In your view, do we have to adopt the Westinghouse rule, if you will, in order for you to prevail? No. In fact, the court need not even reach the issue of whether or not the clear intent test applies. The court in Westinghouse applied that concept, is there clear and unequivocal intent in the underlying contracts to apply that term so it's entered into the judgment. Here, our position is you don't even need to get that far. Nobody ever made an application for the judgment to contain a specific interest rate so that the judge could go back, look at the underlying contracts, and analyze whether or not there was clear intent. And so it's almost besides the relief that's been requested because at the end of the day, the court can decide simply the terms of the judgment apply and the default interest rate applies. Okay. Thank you so much. Thank you. Your Honor, with all due respect to my opposing counsel, the argument that judgment was not entered on the guarantees is pure sophistry. There can be consent judgments that say that this is just a settlement of interest. We're paying this amount without acknowledging liability. The whole merger doctrine speaks to the fact that this judgment will have consequences of wiping out the claim on the guarantee. The guarantee was the only claim against defendant Kaiser, and that clearly provided the prime plus 6% interest. With regard to the argument that my client waited too long to raise the issue of applying the contractual rate of interest in the district court, several responses. First of all, Judge Sheridan did not find that we had waited too long. He addressed it on the merits. The cases that discuss when a contractual rate of interest will apply to a litigated judgment do not contain any discussion of a cutoff as to when the argument can be raised. It is not the law that a judgment in the nature of a negotiable instrument needs to contain on its face every possible provision that applies. The judgment here, nobody disputes its adequacy. But whether or not it contained the contractual rate of interest or the statutory rate of interest as an expressed provision, as Judge Phipps pointed out, he had to look somewhere else to figure that out. And there is no law that I'm familiar with that says that a judgment will be presumed to have the statutory rate of interest in the absence of an expressed rate of interest on its face. Once a court enters the judgment, as before the judgment is entered, it's still a matter between the parties as to when the judgment is satisfied. And Kaiser came to court in, I believe, 2017 and said to the judge, please mark this judgment as satisfied. And at that point, my client went to the court, went to Judge Sheridan and said, no, don't mark it satisfied because the contractual rate of interest applies. Well, then what's the effect of the agreement by the parties on the record when Judge Sheridan said, is this the entirety of the agreement? Does this resolve the case? Well, does this resolve the case? Is that the entirety? Okay, we can quibble about words, but yes. I don't know if there's, I have the transcripts here, but I don't know if there's a question. You know, is this the entirety of the agreement or not? But that will end the case, correct? Right. And it did end the case. And I think the parties agree that the issue of whether the contractual rate of post-judgment interest applied or not was not an issue being litigated in the case. So what you're saying is the principle, the amount of principle, it's not a great term here, but the principle was what was in dispute in that case. The amount of interest charged was not in dispute. Correct. Because that was agreed to and undisputed. The case was about the amount of principle. The judge asked, does this end the case? The dispute was about the amount of principle, and the parties said yes. At that point in time, there was no dispute about post-contractual interest. Now, I guess the thought could be, does this end all collateral proceedings for fees and everything else like this against it? Maybe that is worth a judgment. I think the judge wanted real, you know, judges typically like to wrap it up with litigants and not have you nibble back a few weeks later with this and that that you want. Well, the nice thing about this substantive standard, Your Honors, is that unless you have a contract that's as clear as the one we have here, a party in my client's position is not going to get anywhere by going back to court to try to get more than what they're entitled to. And so what we believe is that the substantive standard of clear, unambiguous, and unequivocal will prevent parties from trying to nibble, and that this is not an instance of nibbling. This is a difference of $1 million that would be owed and an interest-free loan. In other words, Sovereign is being accused of having agreed sub silento to what was, in essence, an interest-free loan in place of what the parties had contractually agreed to. And the argument is that Kaiser had to agree to it twice, originally, and then specifically in the consent agreement, which everyone agrees is silent as to this term. And that's why we believe under the circumstances of this case, applying the merger rule identically to litigated judgments and consent judgments, that my client prevails under the case law from the other side. Is silence the same thing as ambiguity? Well, the face of the consent judgment is not ambiguous, and certainly the contract, nobody argues, is ambiguous. And so we don't believe that there's any ambiguity. But Judge Sheridan applied the standard that the other courts apply to the underlying contracts to the face of the consent judgment, and as we argued, that was error. And there is no case that says that that's how it should be done. Thank you, Your Honors. Okay, thank you. Thank you, counsel. We'll take the matter under revising.